1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ARIEL MORALES BRACHO,

    Plaintiff(s),

v.

LAS VEGAS JUSTICE COURT,

    Defendant(s).

Case No.: 2:20-cv-01339-RFB-NJK

**REPORT AND RECOMMENDATION**

[Docket No. 4]

    Pending before the Court is Plaintiff's application to proceed *in forma pauperis*. Docket No. 4. The Court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who has shown that he is unable to pay such costs. 28 U.S.C. § 1915(a)(1). A determination of whether the plaintiff has shown an inability to pay is a matter left to the discretion of the Court. *See, e.g.*, *Flores v. Colvin*, 2014 U.S. Dist. Lexis 93236, at *2 (D. Nev. May 22, 2014). In exercising that discretion, the Court evaluates the income and assets to which the plaintiff has access. *See, e.g., id.* at *3-4. While an applicant need not be absolutely destitute to qualify for a waiver of costs and fees, he must demonstrate that he cannot pay those costs while still providing himself with the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

1  In this case, Plaintiff's application identifies $7,500 in cash available in checking accounts.
2  Docket No. 4 at 2.[1]  The existence of these savings establishes that Plaintiff is capable of paying
3  the $400 filing fee in this case.  *Cf. Ali v. Cuyler*, 547 F. Supp. 129, 130 (E.D. Penn. 1982) (holding
4  that the magistrate judge correctly determined that the plaintiff did not qualify for *in forma*
5  *pauperis* status when he had $450 in savings and the filing fee was $60).

6  Accordingly, the undersigned **RECOMMENDS** that Plaintiff's motion to proceed *in*
7  *forma pauperis* be **DENIED** and that Plaintiff be required to pay the filing fee if Plaintiff wishes
8  to proceed with this case.

9  Dated: July 31, 2020

                                                            _____
                                                            Nancy J. Koppe
                                                            United States Magistrate Judge

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[1] Plaintiff also identifies monthly income in the amount of $861, consisting of $261 in unemployment assistance and an additional $600 in "COVID-19 HELP." Docket No. 4 at 2. The accuracy of these figures is not entirely clear, particularly given that the federal pandemic payment of $600 has been made on a weekly basis and not on a monthly basis. *See* https://www.dol.gov/coronavirus/unemployment-insurance (last visited July 31, 2020); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-999 (9th Cir. 2010) (courts may take judicial notice of information on government websites).  At any rate, given the relatively modest monthly expenses and the amount of cash in savings, Docket No. 4 at 2, 4, the result is the same here even assuming Plaintiff's monthly income figures are accurate.