# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ARIEL MORALES BRACHO,<br><br>  Plaintiff(s),<br><br>v.<br><br>LAS VEGAS JUSTICE COURT,<br><br>  Defendant(s). | Case No.: 2:20-cv-01339-RFB-NJK<br><br>**ORDER**<br><br>[Docket No. 7] |

On July 30, 2020, Plaintiff filed an application to proceed *in forma pauperis* in which he swore under penalty of perjury that he had $7,500 in available cash. Docket No. 4 at 1, 2. On July 31, 2020, the undersigned issued a report and recommendation to deny the application in light of those savings. Docket No. 5. On August 14, 2020, Plaintiff filed an amended application to proceed *in forma pauperis* providing different financial figures. Docket No. 7. The Court construes the amended application to proceed *in forma pauperis* as a motion for the undersigned to reconsider the report and recommendation.[1] For the reasons discussed below, the motion for reconsideration is **DENIED**.[2]

Motions for reconsideration are disfavored. Local Rule 59-1(b); *see also Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 245 F.R.D. 470, 472 (D. Nev. 2007) ("Reconsideration is an extraordinary remedy, to be used sparingly" (citation and internal quotations omitted)). The Local Rules provide the applicable standards in addressing whether the Court should reconsider an interlocutory order, indicating that reconsideration may be appropriate if (1) there is newly

---

[1] The Court construes the filings of *pro se* litigants liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] Magistrate judges retain the authority to resolve a motion to reconsider a pending report and recommendation. *Frye v. Warden, San Quentin State Prison*, 200 F. Supp. 3d 1035, 1041-42 (E.D. Cal. 2016).

discovered evidence that was not available when the original motion or response was filed, (2) the Court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. Local Rule 59-1(a). It is well-settled that a motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *E.g.*, *Kona Enterps., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original); *Philips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 670 (D. Nev. 2013).

Plaintiff has not established grounds for reconsideration. On July 30, 2020, Plaintiff swore under penalty of perjury that he had $7,500 in available. Docket No. 4 at 2. On July 31, 2020, the undersigned recommended denial of Plaintiff's *in forma pauperis* application. Docket No. 5. As of August 14, 2020, Plaintiff now swears under penalty of perjury that he only has $718.40 in cash. Docket No. 7 at 2. Plaintiff accounts for this seismic shift with the unelaborated assertion that he "forgot that he had paid many bills." *See* Docket No. 6 at 1. Plaintiff's bald assertion that he dramatically misstated his finances due to forgetfulness is not sufficient to show that this new evidence of bill payments was not reasonably available when the initial application to proceed *in forma pauperis* was filed. This alone dooms Plaintiff's pending motion.

At any rate, Plaintiff's amended application fails even if considered on its merits. On July 30, 2020, Plaintiff attested to having a monthly income during the previous 12 months of $861. Docket No. 4 at 2. As of August 14, 2020, however, Plaintiff now attests to having a monthly income during the previous 12 months of $3,208. Docket No. 7 at 2.[3] This change is significant since it shows monthly income well above the poverty line for an individual living by himself and, for Plaintiff in particular, it demonstrates a monthly income of almost three times monthly expenses. *See* Docket No. 7 at 4 (identifying monthly expenses of roughly $1,210). Such circumstances warrant denial of a request to proceed *in forma pauperis*. *E.g.*, *Flores v. Colvin*, 2014 U.S. Dist. Lexis 93236, at *4-5 (D. Nev. May 22, 2014) (finding *in forma pauperis* status not warranted given monthly income of $1,900 exceeded monthly expenses by $150 and was

---

[3] This shift appears to be due, at least in part, to the previous understatement of the federal pandemic-related unemployment benefits that Plaintiff was receiving. *See* Docket No. 5 at 2 n.1.

above the amount of income identified in the federal poverty guidelines), *adopted* 2014 U.S. Dist. Lexis 93234 (D. Nev. July 9, 2014).

Accordingly, Plaintiff's motion for reconsideration is **DENIED**.

IT IS SO ORDERED.

Dated: August 24, 2020

_____
Nancy J. Koppe
United States Magistrate Judge